**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3382-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QURAN D. POWELL,

    Defendant-Appellant.

_____

Submitted April 29, 2024 – Decided May 8, 2024

Before Judges Chase and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 16-04-0648.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Nathanne Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Quran D. Powell appeals from the May 2, 2023 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm substantially for the reasons set forth in the PCR court's comprehensive and well-reasoned written opinion.

We summarize the facts developed in the record. On August 3, 2015, defendant was operating his vehicle in traffic waiting to exit the PNC Arts Center after a concert when a dispute arose between him and individuals walking in the parking lot. Defendant exited his vehicle and engaged in a verbal and physical dispute with the individuals. Defendant then returned to his vehicle, retrieved a .9-millimeter handgun, and shot both individuals. He was indicted for two counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree certain persons not to have firearms, N.J.S.A. 2C:39-7(b)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); fourth-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(e); and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1).

Defendant pleaded guilty to two counts of first-degree attempted murder. At the plea hearing, defendant testified he fired at each of the victims separately,

2

intending to cause their deaths. The State agreed to recommend a sentence of twelve years imprisonment subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, on each count to run concurrently.

Prior to sentencing, defense counsel submitted a sentencing brief with supporting letters from family and friends. At the sentencing hearing, defense counsel argued "the [c]ourt should consider not only giving the lower end of a first[-]degree . . . but to consider under [N.J.S.A.] 2C:44-1(f)(2) . . . that the mitigating circumstances substantially outweigh the aggravating circumstances and couple that with the interest of justice . . . [and] sentence him to nine years." Counsel argued, defendant "got in his car after the concert, he was in a long line of traffic" and was "[j]ust headed out of PNC Arts Center, minding his own business when these total strangers c[a]me up behind the car and start[ed] pounding on it. People he [did not] know at all."

Counsel continued, defendant got "out to challenge these people, and he end[ed] up getting punched in the face by strangers . . . [a]nd he reacted, and he grabbed a gun and he went to these two people and he shot them." Counsel argued, "there are reasons behind [it] that . . . are pretty much beyond his control. He was[ not] looking for trouble, he was[ not] looking for a conflict with anybody. It was brought upon him, and . . . the victims have to bear some

3

responsibility for that in this case." Counsel also argued defendant admitted in his presentence interview he consumed "some alcohol" and ingested "some marijuana," which contributed to his reaction.

Counsel requested the court find mitigating factors three, N.J.S.A. 2C:44-1(b)(3), "defendant acted under a strong provocation"; five, N.J.S.A. 2C:44-1(b)(5), "[t]he victim of defendant's conduct induced or facilitated its commission"; seven, N.J.S.A. 2C:44-1(b)(7), "defendant . . . led a law-abiding life for a substantial period of time before the commission of the present offense"; and eight, N.J.S.A. 2C:44-1(b)(8), "defendant's conduct was the result of circumstances unlikely to recur."

Defendant spoke at sentencing and told the judge the victims he shot "were[ not] even the [people] that [he] had the initial confrontation with, those people just came and assaulted [him] out of nowhere. [He] did[ not] have [any] words with them or anything like that." He continued, "[t]hings just got out of hand[.] [He] just lost [his] head under the influence of drugs and alcohol, that [he] probably should[ not] have ingested. But those are no excuses, those are just some of the factors . . . ."

The sentencing judge considered and rejected mitigating factors three, five, and eight. As to factor three, the judge found defendant did not establish

a "strong" provocation for his use of deadly force against the victims. The judge rejected mitigating factor five for similar reasons, finding the victims "clearly did not facilitate . . . being shot several times." The judge rejected mitigating factor eight based on defendant's "continuing pattern of criminal activity that [had then] reached a height." The judge also rejected mitigating factor seven based on defendant's prior criminal history. The judge applied mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), "[t]he imprisonment of the defendant would entail excessive hardship to the . . . defendant's dependents."

The judge found the aggravating factors outweighed the applicable mitigating factor and sentenced defendant to eleven years subject to NERA on each count to run concurrently. Defendant appealed his sentence and argued the judge failed to consider mitigating factor three because the facts supported a finding that defendant acted under strong provocation. We affirmed the sentence on the sentencing oral argument calendar. State v. Powell, No. A-5788-17 (App. Div. Mar. 14, 2019).

On December 7, 2021, defendant filed a pro se petition for PCR. After PCR counsel was appointed, defendant filed an amended petition arguing trial counsel was ineffective in failing to adequately address the appropriate mitigating factors and to effectively argue he should have been sentenced in the

second-degree range. More particularly, defendant argued counsel should have explained he "was attempting to leave the situation" and "told other people around [him] 'let's get out of here' and 'come on, it's time to go.'" Defendant conceded he understood "this does not provide [him] with a legal defense to the actions that followed" but if the judge "understood that [he] was trying to leave, [the judge] would have imposed a lesser sentence."

The court heard oral argument on the petition for PCR. On May 2, 2023, the court entered an order denying defendant's petition, supported by a written opinion. It found defense counsel argued in favor of all the potentially applicable mitigating factors and "pushed the mitigating factor envelope as far as he could without losing credibility." Defense counsel "provided outstanding representation to defendant and made every possible argument" and defendant's "unsupported claim that [defense counsel] should have made these arguments 'better' is completely devoid of merit and does not establish a prima facie case of ineffective assistance of counsel." The court also found defendant failed to establish "additional arguments on mitigating factors beyond those made by [defense counsel] would have changed the outcome in this case." Finally, the court found defendant's arguments were precluded because they were raised and rejected on direct appeal.

A-3382-22

On appeal, defendant contends the following:

POINT I

THE TRIAL COURT ERRED BY FINDING THAT THERE WAS NO [INEFFECTIVE] ASSISTANCE OF COUNSEL AND FURTHER BY FINDING THAT THE INSTANT PETITION IS BARRED

 A. THIS PCR IS NOT BARRED AS IT IS NOT AN EXCESSIVE SENTENCE ARGUMENT

 B. COUNSEL FAILED TO ARGUE FOR A SENTENCE IN THE THIRD-DEGREE RANGE

We review the denial of PCR without an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 421 (2004).[1] A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise

_____

[1] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

An evidentiary hearing is warranted only when "'a defendant has presented a prima facie [claim] in support of [PCR],'" meaning a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). "A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R[ule] 3:22-4(a), or that has been previously litigated, R[ule] 3:22-5." State v. Nash, 212 N.J. 518, 546 (2013).

The PCR court determined correctly defendant failed to set forth a prima facie case of ineffective assistance of counsel. Defendant's petition fails both prongs of the Strickland test. As to the first prong, defense counsel argued zealously in support of all potentially applicable mitigating factors. He specifically argued in favor of finding defendant acted under strong provocation and that the victims' conduct induced or facilitated the commission of the offense. Defense counsel also argued defendant was under the influence of alcohol and marijuana, which contributed to his conduct.

Finally, counsel did argue for a sentence in the second-degree range on the first-degree attempted murder offenses.[2] The sentencing judge considered and rejected these arguments based on the totality of the facts and circumstances of the case. Defendant's bald assertion that counsel could have argued "more effectively" is insufficient to support a claim of ineffective assistance.

Defendant's petition also fails the second prong of the Strickland test. Defendant was indicted on two counts of first-degree attempted murder, second-degree possession of a weapon for an unlawful purpose, and second-degree certain persons not to have firearms, among other offenses. Defendant concedes he did not have any viable defense to the charges and faced the very real possibility of consecutive sentences on each of the attempted murder charges as well as the certain persons offense. As a result of defense counsel's advocacy prior to and at the sentencing hearing, the court imposed concurrent sentences at the low end of the range for first-degree attempted murder, which was below

---

[2] Defendant's contention on appeal that counsel should have argued for a sentence in the third-degree range lacks merit. Defendant pleaded guilty to first-degree attempted murder. N.J.S.A. 2C:44-1(f)(2) provides, "[i]n cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower." A sentence in the third-degree range for these first-degree crimes would have been an illegal sentence.

9

the State's plea recommendation.  Defendant failed to demonstrate a reasonable probability the allegedly deficient performance affected the outcome of the proceedings.

We are satisfied defendant did not establish a prima facie case of ineffective assistance of counsel.  The trial court did not abuse its discretion by denying defendant's request for an evidentiary hearing and correctly denied his petition for PCR.  To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3382-22